IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAZARUS D. ORTEGA,

        Plaintiff,                    No. 2:11-cv-2735 GEB CKD P

       vs.

HEITKAMP,

        Defendant.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On March 23, 2012, the court granted plaintiff's motion to proceed in forma pauperis after the court determined that plaintiff had demonstrated that he is unable to afford the filing fee for this action. Defendant has now filed a motion asking that plaintiff's in forma pauperis status be revoked.

        Title 28 U.S.C. § 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Defendant identifies three cases as potential § 1915(g) "strikes:"[1]

1. <u>Ortega v. Walker</u>, 2:10-cv-0998 GEB JFM P (E.D. Cal.)

In this action, plaintiff sought relief under 42 U.S.C. § 1983. The case was dismissed because the claims alleged by plaintiff implied the invalidity of prisoner disciplinary proceedings which resulted in revocation of good conduct sentence credit. In <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994), the U.S. Supreme Court found that a plaintiff could not proceed with a suit for damages under § 1983 if the claims imply the invalidity of a criminal conviction or sentence which had not already been invalidated via an appropriate means for doing so like a federal petition for writ of habeas corpus. Later, this rule from <u>Heck</u> was extended to prison disciplinary proceedings resulting in the loss of good conduct sentence credit. See <u>Edwards v. Balisok</u>, 520 U.S. 641, 644-48 (1997).

In <u>Heck</u>, the Supreme Court indicated that a dismissal pursuant to the rule announced therein was, in more general terms, dismissal due to the lack of "the existence of a cause of action." <u>Heck</u>, 512 U.S. at 487. If there is no cause of action, there is no claim stated upon which relief can be granted. That being the case, <u>Ortega v. Walker</u> is a "strike" under 28 U.S.C. § 1915(g).

2. <u>Ortega v. Hong</u>, 4:10-cv-3476 SBA (N.D. Cal.)

This action was dismissed explicitly for failure to state a claim upon which relief can be granted on September 10, 2010 as plaintiff attempted to sue private individuals under 42 U.S.C. § 1983 despite the fact that a defendant in a potentially valid § 1983 claim must have been acting under color of state law. Plaintiff does not challenge that this action constitutes a strike under § 1915(g). Good cause appearing, the court finds that <u>Ortega v. Hong</u> is plaintiff's second "strike."

/////

---

[1] Judgement was final in all three cases before plaintiff commenced this action.

       3.   Ortega v. Giamalvo, 4:06-cv-6982 SBA (N.D. Cal.)

On April 26, 2007, this case was screened pursuant to 28 U.S.C. § 1915A. The case was dismissed without prejudice because it appeared on the face of the complaint to the court that plaintiff had failed to exhaust administrative remedies prior to filing suit. See Dkt. No. 4. In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court found that failure to exhaust administrative remedies is an affirmative defense; meaning plaintiffs are not required to plead that they exhausted administrative remedies. Id. at 212. However, the court indicated that when the basis for an affirmative defense appears on the face of a complaint, the complaint is subject to dismissal for failure to state a claim because the allegations in the complaint taken as true show that plaintiff is not entitled to relief. Id. at 215. In essence, the dismissal in Ortega v. Giamalvo which occurred at the screening stage was a dismissal for failure to state a claim upon which relief can be granted. Therefore, Ortega v. Giamalvo is plaintiff's third "strike."[2]

In determining whether a plaintiff has made a sufficient allegation of imminent danger of serious physical injury, which would allow a plaintiff who has "struck out" to still proceed in forma pauperis, the court asks whether the plaintiff has made a plausible allegation in his complaint that such danger existed at the time of filing. Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007).

Plaintiff's claims arise from an allegation that he was involuntarily administered intravenous "antipsychotic" medication ordered by defendant–a psychiatrist–on December 26, 2010 at California State Prison, Sacramento. Plaintiff does not seek injunctive relief, only monetary damages. Plaintiff fails to point to anything suggesting that when he filed this action in

---

[2] The court notes that after Ortega v. Giamalvo, 4:06-cv-6982 SBA was dismissed, plaintiff commenced another action; Ortega v. Giamalvo, 3:07-cv-4436 EDL. In that action, some of plaintiff's claims survived a motion to dismiss for failure to exhaust administrative remedies. See Dkt. No. 94. Whatever happened in 3:07-cv-4436 EDL is of little consequence here, however. If plaintiff wished to challenge the finding that the face of the complaint filed in 4:06-cv-6982 SBA established that plaintiff failed to exhaust administrative remedies, he should have appealed in that case. He did not and fails to provide any explanation why not.

October of 2011, he was under imminent danger of being subjected to similar actions by defendant or otherwise under imminent danger of serious physical harm.

For these reasons, the court will grant defendant's motion to revoke plaintiff's in forma pauperis status. Plaintiff will be ordered to pay the filing fee within 14 days. If plaintiff does not pay the filing fee within 14 days, the court will recommend that this action be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendant's motion to revoke plaintiff's in forma pauperis status (Dkt. No. 20) is granted.

2. Plaintiff shall pay the $350 filing fee for this action within 14 days. Failure to pay the filing fee within 14 days will result in a recommendation that this action be dismissed.

Dated: January 23, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
orte2735.3ks